**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THOMAS EDWARD REDMOND, Sr.,

    Plaintiff - Appellant,

v.

RANTZ, Dr.; et al.,

    Defendants - Appellees.

No. 10-35972

D.C. No. 6:10-cv-00041-DWM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted October 25, 2011[**]

Before:    TROTT, GOULD, and RAWLINSON, Circuit Judges.

    Thomas Edward Redmond, Sr., a Montana state prisoner, appeals pro se

from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

that defendants were deliberately indifferent to his serious medical needs.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1915(e)(2)(B)(ii), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly concluded that Redmond's claims were barred by the three-year statute of limitations because Redmond's cause of action accrued in 2006 when he was told that he needed additional post-operative physical therapy and that the additional therapy had been denied. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) ("[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.").

Redmond is not entitled to equitable tolling because he knew in 2006 that he was not receiving adequate post-operative therapy, and the additional information he obtained in September 2007 when he consulted with the specialist merely went to the extent of his injury. *See Wallace v. Kato*, 549 U.S. 384, 391 (2007) ("The cause of action accrues even though the full extent of the injury is not then known or predictable." (citation and internal quotation marks omitted)).

**AFFIRMED**.

10-35972